UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TAMMY KARLGAARD, Case No. 00-1174 DWF/AJB

Plaintiff,

v.

HEYDE HOSPITALITY, INC., ET AL.,

Defendants.

---

ERIN WHEELER, Case No. 00-1555 DWF/AJB

Plaintiff,

v.

HEYDE HOSPITALITY, INC., ET AL.,

Defendants.

---

NATASHA OLSON, Case No. 00-1556 DWF/AJB

Plaintiff,

v.

HEYDE HOSPITALITY, INC., ET AL.,

Defendants.

A settlement conference will be held in all of the above captioned matters on **December 5, 2000, at 9:00 a.m.**, in Room 638 Federal Courts Building, 316 North Robert Street, St. Paul, Minnesota, before the undersigned United States Magistrate Judge.

OCT 18 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Counsel who will actually try the case and each party, armed with full

settlement discretion, shall be present. If individuals are parties to this case, they shall be present. If a corporation or other collective entity is a party, a duly authorized officer or managing agent of that party shall be present. This means that each party must attend through a person who has the power to change that party's settlement posture during the course of the conference. If the party representative has a limit, or "cap" on his or her authority, this requirement is not satisfied. If an insurance company is involved, the responsible agent must be present.

In order to encourage the parties to address the issue of settlement on their own, counsel must confer by telephone at least ten (10) days prior to the date of the settlement conference, to engage in a full and frank discussion of settlement. If the case does not settle, each attorney shall submit to the undersigned at least one week before the date of the settlement conference a confidential letter setting forth the parties' respective settlement positions before the meeting, their respective positions following the meeting and a reasoned, itemized analysis justifying their client's last stated settlement position. Failure of any lawyer to submit this letter will result in the settlement conference being rescheduled and the imposition of an appropriate sanction on the attorney whose failure caused the conference to be postponed. Additional sanctions may be imposed for failure to comply with any of the other foregoing instructions.

Dated: 10/18/00

ARTHUR J. BOYLAN
United States Magistrate Judge